IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DVISION

| | |
|---|---|
| MADHURI MCCLEARY, <br><br> Plaintiff, <br><br> vs. <br><br> MARK QUENTAL, <br><br> Defendant. | C/A No. 2:25-cv-12663-DCN |

## JOINT LOCAL RULE 26.03 INFORMATION

COME NOW the parties in the above-captioned case, by and through their counsel, and file this their Joint Local Rule 26.03 Information, as follows:

I. A SHORT STATEMENT OF THE FACTS IN THE CASE

    A. PLAINTIFF AND DEFENDANTS

This is a personal injury action involving a motor vehicle accident that occurred on January 7, 2024, on Interstate 95 in Colleton County, South Carolina. Defendant Mark Quental, driving a rental truck owned by Penske Truck Leasing Co., struck the vehicle driven by Plaintiff Madhuri McCleary while changing lanes. Plaintiff alleges she sustained permanent injuries and damages as a result of the crash. Defendants deny Plaintiff sustained injuries and damages. Defendant contends that Plaintiff was comparatively negligent for the accident and her resulting injuries.
.
II. THE NAMES OF FACT WITNESSES LIKELY TO BE CALLED BY THE PARTIES AND A BRIEF SUMMARY OF THEIR EXPECTED TESTIMONY.

    A. For Plaintiff

Plaintiff anticipates that witnesses will include Plaintiff, Defendant, first responders, treating medical professionals, and any other fact witnesses discovery may reveal.

    B. For Defendant

Defendant is likely to call the following fact witnesses:

        a) Mark Quental c/o Haynsworth Sinkler Boyd, P.A., PO Box 340,

Charleston, SC  29402.

Mr. Quental is the named Defendant and is expected to testify regarding his knowledge of the facts and circumstances surrounding this accident.

b) Trooper Alexander J. Gray
S.C. Highway Patrol

Trooper Gray was the investigating officer and is expected to testify with regard to his investigation of the subject accident.

In addition to the above witnesses, Defendant reserves the right to identify additional witnesses as discovery proceeds and to call any witnesses identified by Plaintiff.

III. <u>THE NAMES AND SUBJECT MATTER OF EXPERT WITNESSES</u>

A. <u>For Plaintiff</u>

Plaintiff expects to call some or all treating physicians disclosed in 26(a)(1) disclosures, written discovery responses, and other discovery. Treating physicians are expected to testify regarding their knowledge of the Plaintiff's injuries, Plaintiff's treatment, and their opinions regarding the medical condition of Plaintiff.

Additionally, Plaintiff anticipates they will call experts which must provide a report under 26(a)(2)(b) but has not identified any at this time. Plaintiff will comply with the deadline in the Scheduling Order.

B. <u>For Defendants</u>

At this time, Defendant does not anticipate utilizing an expert witness.

IV. <u>A SUMMARY OF CLAIMS AND DEFENSES WITH CITATIONS SUPPORTING THE SAME.</u>

A. <u>For Plaintiff</u>

Negligence *Per Se*: "Negligence per se is established by showing a statute created a duty to the plaintiff and the defendant breached that duty by violating the statute." *Seals by Causey v. Winburn*, 314 S.C. 416, 445 S.E.2d 94 (Ct. App. 1994) (citing *Whitlaw v. Kroger Co.*, 306 S.C. 51, 410 S.E.2d 251 (1991)).

Negligence: "To recover on a claim for negligence, a plaintiff 'must show (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or

omission; and (3) damage proximately resulting from the breach.'" *Carolina Chloride, Inc. v. Richland Cnty.,* 394 S.C. 154, 714 S.E.2d 869 (2011) (citations omitted).

Vicarious Liability/Respondeat Superior: "The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Sams v. Arthur*, 135 S.C. 123, 133 S.E. 205 (1926)).

Negligent Hiring, Training, Supervision, and Retention: "In circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring, supervising, or training the employee, or that the employer acted negligently in entrusting its employee with a tool that created an unreasonable risk of harm to the public." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Degenhart v. Knights of Columbus*, 309 S.C. 114, 420 S.E.2d 495 (1992)).

  B. <u>For Defendant</u>

Comparative negligence: Title 15 - Civil Remedies and Procedures; Chapter 38; South Carolina Contribution Among Tortfeasors Act

V. <u>DATES FOR DISCOVERY DEADLINES</u>

  The deadlines set forth in the proposed Consent Amended Scheduling Order are acceptable.

VI. <u>TOPICS ON WHICH DISCOVERY MAY BE TAKEN</u>

  A. Plaintiff's injuries and damages.

  B. Plaintiff's mitigation efforts.

  C. The facts and circumstances surrounding the allegations of the complaint.

  D. Defendant's liability

  E. Defenses asserted in Defendant's answer.

VII. <u>E-DISCOVERY</u>

  The parties do not anticipate any specific e-discovery issues.

VIII. <u>INITIAL DISCLOSURES</u>

  In their Rule 26(f) Conference on October 30, 2025, the parties agreed to exchange Initial

Disclosures required under Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure.

IX. <u>PROTECTIVE ORDER</u>

The parties, at this time, do not anticipate the need for a Protective Order.

X. <u>ANY SPECIAL LIMITATIONS OR ENLARGEMENT OF LIMITATIONS RELATED TO DISCOVERY PERMITTED BY THE FEDERAL RULES OF CIVIL PROCEDURE OR THE LOCAL RULES OF THIS COURT?</u>

The parties have agreed that exchange of discovery requests and responses by e-mail is acceptable.

Respectfully submitted,

| | |
|---|---|
| MORGAN & MORGAN, P.A. | HAYNSWORTH SINKLER BOYD, P.A. |
| 4401 Belle Oaks Drive | 134 Meeting Street, Third Floor (29401) |
| Suite 300 | P. O. Box 340 |
| North Charleston, SC  29405 | Charleston, SC 29402-0340 |
| | |
| By: */s/Cooper Klaasmeyer* | By:*/s/ Adam N. Yount* |
| Cooper Klaasmeyer – Fed. I.D. No. 14272 | Adam N. Yount -Fed I.D. No. 10313 |
| *Attorneys for Plaintiff* | Carlisle B. Allen - Fed. I.D. No. 14288 |
| *Dated:  December 12, 2025* | *Attorneys for Defendant* |
| | *Dated:  December 12, 2025* |

4