**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DVISION**

MADHURI MCCLEARY,

          Plaintiff,

    vs.

MARK QUENTAL AND PENSKE TRUCK
LEASING COMPANY,

          Defendants.

C/A No. 2:25-cv-12663-DCN

**AMENDED COMPLAINT**

Plaintiff MADHURI MCCLEARY, by and through his undersigned attorney, complains

of Defendant MARK QUENTAL and Defendant PENSKE LEASING AND RENTAL

COMPANY and alleges as follows:

**Parties, Venue, and Jurisdiction**

1.      Plaintiff MADHURI MCCLEARY ("Plaintiff") was injured in the crash that is

the subject of this action (the "Crash"). At all relevant times, Plaintiff resided in Dutchess County,

New York.

2.      Defendant MARK QUENTAL ("Defendant MARK QUENTAL") was in control

of a spindle that smashed into Plaintiff and caused Plaintiff's injuries. At all relevant times,

Defendant MARK QUENTAL resided in St. Johns County, Florida.

3.      Defendant PENSKE LEASING AND RENTAL COMPANY, ("Defendant

Company") is a foreign limited liability company with its headquarters located in Delaware.

4.      Venue is proper in the District of South Carolina, Charleston Division, because

the "Crash" occurred in COLLETON County, South Carolina.

5.      This Court has personal jurisdiction over the parties and subject matter

2

jurisdiction over the issues involved in this case.

### General Factual Allegations

6.    On January 7, 2024, Plaintiff was traveling on I-95 southbound, in COLLETON County, South Carolina.

7.    At the same time, Defendant MARK QUENTAL was traveling in the left lane on I-95 southbound, in COLLETON, South Carolina.

8.    Upon information and belief, Defendant MARK QUENTAL had rented a vehicle from Defendant COMPANY and was traveling in said vehicle.

9.    Defendant MARK QUENTAL then performed an improper lane change.

10.    Defendant MARK QUENTAL, as result of the improper lane change, collided with the side of Plaintiff's vehicle.

11.    Due to the Crash which Defendant MARK QUENTAL caused, Plaintiff suffered injuries and is undergoing medical treatment.

### For a First Cause of Action
(Negligence *per se* as to Defendant MARK QUENTAL)

12.    Plaintiff incorporates the foregoing paragraphs as if fully repeated verbatim here.

13.    As a driver on South Carolina roads, Defendant MARK QUENTAL owed Plaintiff a statutory duty to not turn or move left on a roadway unless the move can be made with reasonable safety. *See, e.g.*, S.C. Code Ann. § 56-5-1900.

14.    Defendant MARK QUENTAL's violation of his statutory duties constitutes negligence *per se*.

15.    Defendant MARK QUENTAL's breach of his statutory duties, as described above, is not only negligence *per se*, but is also evidence of recklessness, willfulness, and wantonness sufficient to entitle Plaintiff to both compensatory and punitive damages.

3

16. Defendant MARK QUENTAL's violations of his statutory duties caused Plaintiff's damages, including but not limited to the following:

 a. Past and future medical expenses,

 b. Emotional distress and anxiety,

 c. Physical pain and suffering,

 d. Mental anguish,

 e. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental wellbeing, and

 f. Other damages as will be shown in the discovery and trial of this case.

17. Because Plaintiff was injured as a direct result of Defendant MARK QUENTAL's violations of his statutory duties described above, Plaintiff is entitled to actual and compensatory damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

18. Defendant MARK QUENTAL's statutory violations also demonstrate such want of care as to show Defendant MARK QUENTAL was consciously indifferent to the health, rights, and safety of Plaintiff, and should thus pay punitive damages in the amount the jury determines appropriate to punish Defendant MARK QUENTAL for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant MARK QUENTAL violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines he is entitled.

### For a Second Cause of Action
(Negligence as to Defendant MARK QUENTAL)

19. Plaintiff incorporates the foregoing paragraphs as if fully repeated verbatim here.

20. Defendant MARK QUENTAL owed Plaintiff a common-law duty to do the

4

following:

    a. Keep a proper lookout,

    b. Maintain appropriate attention on the road while driving,

    c. Maintain his vehicle in a roadworthy manner,

    d. Yield the right of way to Plaintiff,

    e. Observe the intersecting roadway for approaching traffic,

    f. Operate his vehicle in a safe manner and at a safe speed, and

    g. Drive in a reasonably careful manner with respect for the rights and safety of others such as Plaintiff.

21. Defendant MARK QUENTAL breached his duty to Plaintiff in one or more of the following ways:

    a. Failing to keep a proper lookout,

    b. Driving while distracted,

    c. Failing to observe Plaintiff's vehicle prior to entering the roadway,

    d. Failing to yield the right of way to Plaintiff,

    e. Operating his vehicle in an unsafe manner or at an unsafe speed, or

    f. Driving in an unreasonable and careless manner without thought for the rights and safety of others, including Plaintiff, as shall be further shown in the discovery and trial of this case.

22. Defendant MARK QUENTAL's breach described above was not only negligent, but also grossly negligent, careless, reckless, willful, and wanton.

23. Defendant MARK QUENTAL's negligent, grossly negligent, careless, reckless, willful, and wanton breach of his duty directly and proximately caused Plaintiff's serious injuries,

Plaintiff's trip to the ER, and Plaintiff's extended medical treatment. As a direct result of Defendant MARK QUENTAL's negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness, Plaintiff has suffered or will suffer the following damages:

    a. Past and future medical expenses,

    b. Emotional distress and anxiety,

    c. Physical pain and suffering,

    d. Mental anguish,

    e. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental wellbeing, and

    f. Other damages as will be shown in the discovery and trial of this case.

24. Because Plaintiff was injured as a direct result of Defendant MARK QUENTAL's acts and omissions described above, Plaintiff is entitled to actual and compensatory damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

25. Defendant MARK QUENTAL's acts and omissions demonstrate such want of care as to show Defendant MARK QUENTAL was consciously indifferent both to the consequences of his acts and omissions and to the health, safety, and rights of Plaintiff's and others. Thus, in addition to Plaintiff's compensatory damages, Defendant MARK QUENTAL should also pay punitive damages in the amount the jury determines appropriate to punish Defendant MARK QUENTAL for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant MARK QUENTAL violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines he is entitled.

## FOR A THIRD CAUSE OF ACTION
(Negligence/Recklessness, Negligence Per Se Against all Defendants)

26. Plaintiff realleges and reincorporates the preceding paragraphs as if repeated

6

verbatim here.

27.    Both Defendants owed a duty to Plaintiff to operate the commercial motor vehicle in a safe and reasonable manner, and in accordance with all state and federal laws and regulations.

28.    Both Defendants breached this duty to use due care in operating the motor vehicle and was negligent, negligent per se, reckless, willful, and/or wanton in numerous particulars, including but not limited to:

   a.  Failing to obey traffic signs and signals;

   b.  Failing to yield the right of way;

   c.  Failing to keep a proper lookout;

   d.  Driving while inattentive and/or distracted;

   e.  Failing to use the degree of care and skill that a reasonable person would have used under the same or similar circumstances;

   f.  Acting with conscious disregard for the safety of others, including Plaintiff;

   g.  Acting in violation of applicable state and federal statutes and regulations; and

   h.  Committing other acts and omissions as discovery may reveal and the evidence at trial may show.

29.    Defendant Quental's acts and omissions were the direct and proximate cause of Plaintiff's injuries and damages claimed herein.

30.    Defendant Company's acts and omissions were also the direct and proximate cause of Plaintiff's injuries and damages claimed herein

31.    As a direct and proximate result of Defendants acts and omissions, Plaintiff suffered severe physical injuries which have caused, and in the future will cause, Plaintiff to

7

suffer the following damages:

g. Physical pain and suffering;

h. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental wellbeing;

i. Loss of wages and/or earning capacity;

j. Substantial expenses for past and future medical services;

k. Mental anguish, emotional distress, shock, and fear;

l. Other damages as will be shown in the discovery and trial of this case.

32. Defendant Company is vicariously liable for all acts and omissions of Both Defendants pursuant to the doctrines of agency and respondeat superior.

33. Plaintiff is entitled to an award of all actual, consequential, and incidental damages against all Defendants, jointly and severally.

34. Plaintiff is also entitled to an award of punitive damages against all Defendants.

35. Plaintiff is also entitled to an award of prejudgment interest against all Defendants, jointly and severally.

**WHEREFORE**, Plaintiff asks this Court to award their actual, compensatory, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines he is entitled to, and such other relief as this Court determines is just.

[*Signature page to follow*]

**MORGAN & MORGAN**

*/s/ Cooper Klaasmeyer*
Kelsey E. Saalmann, Esq.
Fed Bar No: 14269
Cooper Klaasmeyer, Esq.
Fed Bar No.: 14272
4401 Belle Oaks Dr., Ste 300
North Charleston, SC 29405
Telephone: (854) 222-6506
Facsimile: (854) 429-6941
E-Service: ksaalmann@forthepeople.com;
cvorhis@forthepeople.com;
Tusami.floresca@forthepeople.com
Cooper.klaasmeyer@forthepeople.com
Attorney for Plaintiff

April 2, 2026
Charleston, SC

9