IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

MADHURI MCCLEARY,

        Plaintiff,

vs.

MARK QUENTAL AND PENSKE TRUCK
LEASING COMPANY,

        Defendants.

C/A No. 2:25-CV-12663-DCN

**DEFENDANT QUENTAL'S AMENDED
ANSWER TO PLAINTIFF'S AMENDED
COMPLAINT**

TO:    KELSEY E. SAALMANN, ESQ., ATTORNEY FOR PLAINTIFF:

Defendant Mark Quental ("Defendant"), above-named, answers the Amended Complaint of Plaintiff, above-named, as follows:

**<u>Parties, Venue, and Jurisdiction</u>**

1.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 1 and, as such, denies same.

2.    Answering the allegations contained in Paragraph 2, Defendant admits that at all relevant times, he resided in St. Johns County, Florida. Defendant is without sufficient information to admit or deny the allegations related to Plaintiff's injuries. Defendant denies the remaining allegations contained in Paragraph 2.

3.    Defendant admits, upon information and belief, the allegations contained in Paragraph 3.

4.    Defendant admits, upon information and belief, the allegations contained in Paragraph 4.

5.    Defendant admits, upon information and belief, the allegations contained in Paragraph 5.

### General Factual Allegations

6.    Defendant admits, upon information and belief, the allegations contained in Paragraph 6.

7.    Defendant admits, upon information and belief, the allegations contained in Paragraph 7.

8.    Defendant admits, upon information and belief, the allegations contained in Paragraph 8.

9.    Defendant admits, upon information and belief, the allegations contained in Paragraph 9.

10.    Defendant admits, upon information and belief, the allegations contained in Paragraph 10.

11.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 11 and, as such, denies same.

### FOR A FIRST CAUSE OF ACTION
(Negligence *per se* as to Defendant Mark Quental)

12.    Defendant reasserts and re-alleges his responses to the allegations contained in Paragraphs 1 through 11 above as if set forth herein verbatim.

13.    The allegations contained in Paragraph 13 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

14.    The allegations contained in Paragraph 14 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

15.     The allegations relating to a breach of duties contained in Paragraph 15 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits he was negligent, and he is without sufficient information to admit or deny the remaining allegations contained in Paragraph 15 and, as such, denies same.

16.     The allegations contained in Paragraph 16 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 16 and, as such, denies same.

17.     The allegations contained in Paragraph 17 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 17 and, as such, denies same.

18.     Defendant denies the allegations contained in Paragraph 18.

## FOR A SECOND CAUSE OF ACTION
(Negligence as to Defendant Mark Quental)

19.     Defendant reasserts and re-alleges his responses to the allegations contained in Paragraphs 1 through 18 above as if set forth herein verbatim.

20.     The allegations contained in Paragraph 20 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits drivers should follow the common law duties. The remaining allegations are denied.

21.     Answering the allegations contained in Paragraph 21, Defendant admits that he was negligent. He denies the remaining allegations contained in Paragraph 21.

22.     Answering the allegations contained in Paragraph 22, Defendant admits that he was negligent. He denies the remaining allegations contained in Paragraph 22.

23.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 23 and, as such, denies same.

24.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 24 and, as such, denies same.

25.    Defendant denies the allegations contained in Paragraph 25.

### FOR A THIRD CAUSE OF ACTION
(Negligence/Recklessness, Negligence Per Se Against All Defendants)

26.    Defendant reasserts and re-alleges his responses to the allegations contained in Paragraphs 1 through 25 above as if set forth herein verbatim.

27.    Answering the allegations contained in Paragraph 27 as they relate to Defendant, Defendant admits only so much as he was negligent. Defendant denies all remaining allegations as it relates to him.

28.    Answering the allegations contained in Paragraph 28 as they relate to Defendant, Defendant admits that he was negligent. He denies the remaining allegations contained in Paragraph 28 as it relates to him.

29.    The allegations contained in Paragraph 29 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that he was negligent. The remaining allegations are denied.

30.    The allegations contained in Paragraph 30 do not relate to Defendant, and therefore, do not require a response. To the extent a response is required, Defendant denies same.

31.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 31 and, as such, denies same.

32.    The allegations contained in Paragraph 32 do not relate to Defendant, and therefore, do not require a response. To the extent a response is required, Defendant denies same.

33.    Defendant denies the allegations contained in Paragraph 33.

34.    Defendant denies the allegations contained in Paragraph 34.

35. Defendant denies the allegations contained in Paragraph 35.

36. To the extent the Wherefore Clause requires a response, Defendant denies the allegations therein.

37. Defendant denies each and every allegation of Plaintiff's Amended Complaint not hereinabove specifically admitted.

## FURTHER ANSWERING AND AS AN ADDITIONAL DEFENSE, DEFENDANT ALLEGES AND SAYS:

38. Even if the Defendant was negligent, which is specifically denied, Plaintiff's damages, if any, were due to and caused by their own comparative negligence, either greater than the negligence of the Defendant, or in the alternative, equal to or less than the negligence of the Defendant, combining and concurring with the alleged acts and/or omissions of the Defendant, also as to bar or partially bar recovery against the Defendant.

## FURTHER ANSWERING AND AS AN ADDITIONAL DEFENSE, DEFENDANT ALLEGES AND SAYS:

39. Any award or assessment of punitive damages as prayed for by Plaintiff must be capped pursuant to S.C. Code Section 15-32-530.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendant prays that the same be dismissed with prejudice and for such other relief as the Court deems just and proper.

*(signature page to follow)*

HAYNSWORTH SINKLER BOYD, P.A.

By:*/s/Adam N. Yount*
    Adam N. Yount (Fed ID #10313)
    Carlisle B. Allen (Fed ID #14288)
    134 Meeting Street, Third Floor (29401)
    P. O. Box 340
    Charleston, SC 29402-0340
    843.722.3366
    Fax:  843.722.2266
    Email:  ayount@hsblawfirm.com
          callen@hsblawfirm.com

***Attorneys for Defendant Mark Quental***

April 17, 2026
Charleston, South Carolina